IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM ANDREW McCASSEY (Travis Co. #15-04873) | § § § | |
| V. | § § | A-15-CA-373-RP |
| SHERIFF GREG HAMILTON | § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex (the "TCCC"). Plaintiff complains the TCCC illegally records private and confidential telephone conversations without the owner's effective consent. He contends this violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States

Constitution. He believes he is entitled to damages pursuant to 18 U.S.C. § 2520. He sues Sheriff Greg Hamilton. In addition to seeking monetary damages, he requests injunctive relief.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Fourth Amendment

Plaintiff appears to contend the recording of his telephone calls at the TCCC is a violation of his Fourth Amendment rights. The Fourth Amendment protects individuals from unreasonable searches and seizures by the government. A "search" extends to the recording of oral statements and conversations. Katz v. United States, 389 U.S. 347, 353 (1967); Berger v. New York, 388 U.S. 41, 51 (1967). The government cannot monitor or record a call without violating the Fourth Amendment if the parties have a reasonable expectation of privacy in their conversation. Katz, 389 U.S. at 351–52. To establish a Fourth Amendment privacy claim, a plaintiff must demonstrate he had an

actual, subjective expectation of privacy, and that his expectation of privacy is objectively reasonable. Zaffuto v. City of Hammond, 308 F.3d 485, 488 (5th Cir. 2002) (citing Katz, 389 U.S. at 351–52).

Pretrial detainees and prisoners do not enjoy the same constitutional protections as unincarcerated individuals. See Hudson v. Palmer, 468 U.S. 517, 527 (1984) (inmate has no reasonable expectation of privacy in prison cell); Bell v. Wolfish, 441 U.S. 520, 556 (1979) (constitutional rights of inmates are "limited by the legitimate goals and policies of penal institution"). Recording detainees' calls is routinely accepted as a practice within the ordinary course of business and within the ordinary course of law enforcement officers' duties. Riviera v. United States, 546 U.S. 1023 (2005); Lanza v. State of New York, 370 U.S. 139, 143 (1962). As Plaintiff has failed to allege he had a reasonable expectation of privacy in his phone calls made from the jail, he has failed to demonstrate a Fourth Amendment violation.

    C.    Fifth Amendment

Plaintiff also indicates his claims are made pursuant to the Fifth Amendment. However, the Fifth Amendment applies only to the actions of the federal government. Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 2996). Because Sheriff Hamilton is not a federal actor, Plaintiff has failed to allege a valid claim under the Fifth Amendment.

    D.    Sixth Amendment

Plaintiff additionally lists his Sixth Amendment rights were violated. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be

informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI.  None of the facts alleged by Plaintiff relate to any of the clauses of the Sixth Amendment.  Accordingly, Plaintiff has failed to state a valid claim under this amendment.

    E.    <u>Eighth Amendment</u>

Plaintiff also includes an Eighth Amendment claim in his complaint.  "The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment," while "[t]he constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment."  <u>Hare v. City of Corinth</u>, 74 F.3d 633 (5th Cir. 1996).  Plaintiff does not make clear his custodial status.  For purposes of this Report and Recommendation, the Court will analyze Plaintiff's claims as if he properly made them under the Eighth Amendment.

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (citations omitted).  Prison officials violate the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, "sufficiently serious."  <u>Id.</u> at 834.  Second, a prison officials act or omission must result in the denial of "the minimal civilized measure of life's necessities."  <u>Id.</u>  Plaintiff's allegation that phone calls are recorded at the TCCC fail to rise to the level of an Eighth Amendment violation.

F.   Fourteenth Amendment

Finally, Plaintiff lists a Fourteenth Amendment claim in his complaint. Plaintiff vaguely alleges his claims are for "deprivation of liberty without due process" and "discriminatory practices of law enforcement." The Court construes Plaintiff's claims as if he is asserting due process and equal protection claims.

The Due Process Clause encompasses both procedural and substantive rights. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). The constitutional guarantee of procedural due process includes, at a minimum, notice and an opportunity to be heard in a meaningful time and manner. Gibson v. Tex. Dept. of Ins.-Div. of Workers' Compensation, 700 F.3d 227, 239 (5th Cir.2012) (quoting Fuentes v. Shevin, 407 U.S. 67, 80 (1972)). The analysis of a procedural due process claim has two steps: 1) whether a liberty or property interest exists with which the State has interfered; and 2) whether the procedures attendant upon the deprivation were constitutionally sufficient. Meza v. Livingston, 607 F.3d 392, 399 (5th Cir. 2010) (quoting Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989), overruled in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)), clarified on denial of reh'g, 2010 WL 6511727 (5th Cir. 2010).

The constitutional guarantee of due process also includes a substantive component that protects individuals from arbitrary or conscience-shocking executive action. See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 867 (5th Cir. 2012) (quoting Cnty. of Sacramento, 523 U.S. at 847). The protection is limited, however. If another provision of the U.S. Constitution provides "an explicit textual source of constitutional protection," the plaintiff's claims must be analyzed under that provision rather than the "more generalized notion of substantive due

process." Wilson v. Birnberg, 667 F.3d 591, 599 (5th Cir. 2012) (quoting Conn v. Gabbert, 526 U.S. 286, 293 (1999)).

In this case, Plaintiff's complaint and memorandum filed in support refer to his due process rights without specifying either the procedural or substantive component. Plaintiff does not even attempt to explain how his procedural or substantive due process rights are violated by the TCCC recording his calls. Accordingly, Plaintiff has not pleaded a viable due process claim.

Plaintiff also has not pleaded a viable equal protection claim. In order to state a claim under the Equal Protection Clause, a plaintiff first must allege "that two or more classifications of similarly situated persons were treated differently" by a state actor. Galleqos–Hernandez v. United States, 688 F.3d 190, 195 (5th Cir. 2012). Plaintiff does not allege he has been treated differently than all of the other detainees at the TCCC. As such, Plaintiff has failed to state a claim under the Equal Protection Clause.

      G.     <u>Recovery of Civil Damages Under 18 U.S.C. § 2520</u>

Section 2520 of the Federal Wiretap Act, as amended by Title I of the Electronic Communications Privacy Act (ECPA), provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" may recover civil damages for such violation. See 18 U.S.C. § 2520. Equipment used by a law enforcement officer in the ordinary course of his duties is excluded. See 18 U.S.C. § 2510(5)(a). Because Plaintiff's calls were monitored on equipment that is excluded from the wiretapping statute, Plaintiff has failed to state a claim upon which relief can be granted.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on August 4, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE